FILED
2012 Jul-11  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LELDON PIERCE CHASTEEN,<br>AIS # 259757 | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No.      5:11-cv-4210-AKK-TMP |
| | ) | |
| BILLY MITCHEM, Warden; and the | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2241,[1] challenging the constitutional validity of the calculation of his sentence by the Alabama Department of Corrections and asserting that he has been held past his proper release date.  The petitioner, Leldon Pierce Chasteen, filed his *pro se* petition for writ of habeas corpus on December 14, 2011.  He is incarcerated at the Limestone Correctional Facility in Harvest, Alabama, serving a five-year sentence for a conviction in the Circuit Court of Morgan County, Alabama, for sexual abuse in the first degree.  In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the matter was referred to the undersigned magistrate judge for a preliminary review and recommendation.

---

1      The petition was filed on the form used for the filing a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Petitioner does not, however, challenge his conviction or sentence, and the petition must therefore be construed as one filed pursuant to § 2241.  Accordingly, the court deems the petition to be one filed pursuant to § 2241, and the Clerk is DIRECTED to docket the petition as such.

## PROCEDURAL HISTORY

On April 10, 2008, petitioner pleaded guilty to a charge of sexual abuse in the first degree in the Circuit Court of Morgan County, Alabama. He was sentenced to five years in prison. He did not appeal. Almost two years later, on or about February 19, 2010, petitioner filed a petition for *habeas* relief in the state trial court, asserting that he was being denied incentive good time credits toward service of his sentence, and that he was being denied consideration for parole. (Doc. 7-3). The trial court denied relief. (Doc. 7-5) Petitioner did not appeal from the trial court's denial of the petition.

Petitioner filed the instant petition on or about December 14, 2011. Pursuant to this court's order to show cause, the respondents filed an answer, supported by exhibits, on January 30, 2012. By order dated February 8, 2012, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure. Petitioner filed a reply on February 22, 2012.

## MERITS

The respondents assert that the instant *habeas* petition is barred by the doctrine of *res judicata* in that the same claim was raised in the state court,[2] that the claim is "frivolous" and in

---

2    The doctrine of *res judicata* has no application here and is, in fact, completely inapposite to the requirement that *habeas* claims be exhausted in the state courts. Moreover, it appears that the claim has not been exhausted in state court and thus may be subject to dismissal on grounds that it is procedurally defaulted. The respondent has not addressed exhaustion or procedural default, and thus the court does not dismiss on those grounds. Even so, the petitioner is not entitled to relief on the merits.

violation of the Prison Litigation Reform Act (PLRA),[3] that the petition constitutes an abuse of the writ,[4] and that the claim is without merit.  Having rejected the arguments relating to *res judicata*, the PLRA, and the "abuse of the writ", the court will address the merits of petitioner's claim.

Petitioner asserts that he is being denied a deduction from the term of his sentence that is provided by Alabama law pursuant to Alabama Code § 14-9-41 (1975).  (Doc. 1, p. 5)  He contends that, under the statute, he is entitled to 40 days of credit for every 30 days of actual service.  He further asserts that, had the Department of Corrections given him the "good time" credits due under the statute, his five-year term would have been served and he would be entitled to release.

Section 14-9-41 sets forth a scheme of "good time" that may be accrued by prisoners serving sentences for terms other than life.  The statute, however, exempts certain prisoners from eligibility for the good time provisions.  Specifically, Ala. Code § 14-9-41 states:

> (a) Each prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, in the penitentiary or at hard labor for the county or in any municipal

---

3       The Eleventh Circuit Court of Appeals has definitively stated that the PLRA has no application to a *habeas* petition.  See, e.g., Skinner v. Wiley, 355 F.3d 1293 (11th Cir. 2004), citing Anderson v. Singletary, 111 F.3d 801, 803-05 (11th Cir.1997) (holding that the PLRA's filing fee provisions do not apply in §§ 2254 and 2255 petitions); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir.2001) (stating that the PLRA does not apply to § 2241 petitions); Walker v. O'Brien, 216 F.3d 626, 633-34, 636-37 (7th Cir.2000) (holding that the PLRA does not apply to § 2241 and § 2254 petitions); Blair-Bey v. Quick, 151 F.3d 1036, 1040-42 (D.C. Cir.1998) (holding that the PLRA filing fee provisions do not apply to habeas petitions); Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir.1998) (holding that the PLRA does not apply to § 2241 petitions); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir.1997) (same).

4       The "abuse of the writ" doctrine likewise has no application here as there is no indication that petitioner has ever raised a challenge to the service of his sentence in an earlier federal *habeas* petition.  Also, the respondents have not asserted, and the court finds no indication, that the petition is a second or successive petition that would be subject to dismissal under AEDPA's § 2244(b).

jail for a definite or indeterminate term, other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article may be entitled to earn a deduction from the term of his sentence as follows:

(1) Seventy-five days for each 30 days actually served while the prisoner is classified as a Class I prisoner.

(2) Forty days for each 30 days actually served while the prisoner is a Class II prisoner.

(3) Twenty days for each 30 days actually served while the prisoner is a Class III prisoner.

(4) No good time shall accrue during the period the prisoner is classified as a Class IV prisoner.

(b) Within 90 days after May 19, 1980, the Commissioner of the Department of Corrections shall establish and publish in appropriate directives certain criteria not in conflict with this article for Class I, II, III, and IV prisoner classifications. Such classifications shall encompass consideration of the prisoner's behavior, discipline, and work practices and job responsibilities.

(c)(1) Class I is set aside for those prisoners who are considered to be trustworthy in every respect and who, by virtue of their work habits, conduct, and attitude of cooperation have proven their trustworthiness. An example of a Class I inmate would be one who could work without constant supervision by a security officer.

(2) Class II is that category of prisoners whose jobs will be under the supervision of a correctional employee at all times. Any inmate shall remain in this classification for a minimum period of six months before being eligible for Class I.

(3) Class III is for prisoners with special assignments. They may not receive any of the privileges of Class I and Class II inmates. Any inmate shall remain in this classification for a minimum period of three months before being eligible for Class II.

(4) Class IV is for prisoners not yet classified and for those who are able to work and refuse, or who commit disciplinary infractions of such a nature which do not warrant a higher classification, or inmates who do not abide by the rules of the institution. Inmates who are classified in this earning class receive no correctional incentive time. This class is generally referred to as "flat time" or "day-for-day."

4

Any inmate shall remain in this classification for a minimum period of 30 days before being eligible for Class III.

(5) No inmate may reach any class without first having gone through and meeting the requirements of all lower classifications.

(d) As a prisoner gains a higher classification status he shall not be granted retroactive incentive credit based on the higher classification he has reached, but shall be granted incentive credit based solely on the classification in which he was serving at the time the incentive credit was earned. Nothing in this article shall be interpreted as authorizing an inmate incentive credits based on the highest classification he attains for any period of time in which he was serving in a lower classification or from the date of his sentence.

(e) Provided, however, no person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for more than 15 years in the state penitentiary or in the county jail at hard labor or in any municipal jail. **No person may receive the benefits of correctional incentive time if he or she has been convicted of a criminal sex offense involving a child as defined in Section 15-20-21(5)[repealed: see now §§ 15-20A-4 and 15-20A-48].** No person may be placed in Class I if he or she has been convicted of an assault where the victims of such assault suffered the permanent loss or use or permanent partial loss or use of any bodily organ or appendage. No person may be placed in Class I if he or she has been convicted of a crime involving the perpetration of sexual abuse upon the person of a child under the age of 17 years.

Ala. Code § 14-9-41 (a)-(e)(1975)(emphasis added). The definition of "child" applicable to this provision defines the term as "a person who has not attained the age of 12." Ala. Code § 15-20A-4(2) (1975).

The respondent has offered the affidavit of Mark Bruton, a corrections records assistant director for the Alabama Department of Corrections, who states that the petitioner's conviction for sexual abuse involved a child under the age of 12 years, which is corroborated by the Morgan County Transcript of Record Conviction Report annexed as an exhibit to the affidavit. Indeed, the petitioner

has not disputed this assertion.  In his motion for summary judgment in the state action for writ of *habeas corpus*, annexed as an exhibit to his own traverse to the respondents' answer (Doc. 9-2), he wrote, "The petitioner does not dispute that he was convicted of a criminal sex offense involving a child...." (Doc. 9-2, p. 2 of 9, ¶ 4).  He attacks not the finding that he falls under the prohibition from earning good time that is contained in Section 14-9-41(e), but instead argues that he is incorrectly categorized as a Class I inmate, apparently seeking to fall under the last sentence of § 14-9-41(e) restriction.  This argument is without merit.  The clear language of the statute contained in Section 14-9-41(e), the restriction prohibiting the earning of good time by prisoners convicted of a sex offense involving a "child," applies to all classes of inmates and does not depend upon an inmate's classification.  The Alabama Court of Criminal Appeals has noted that subsection (e) is based upon "a rational basis for treating prisoners differently based upon the nature of their crimes and the age of their victims."  D.L.S. v. State, 675 So. 2d 1363, 1364 n.1 (1995).

The petitioner is not entitled to relief on his claim because it appears that the Department of Corrections is correctly computing his sentence by applying the statutory prohibition against the credit of good time to those inmates convicted of sexual abuse of a child.  Accordingly, the petition is due to be dismissed.

## **RECOMMENDATION**

Accordingly, for the reasons stated above, the magistrate judge hereby RECOMMENDS that the petition for writ of *habeas corpus* under 28 U.S.C. § 2241 be DENIED and DISMISSED WITH PREJUDICE.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the petitioner by mailing it to him at his most recent address.

DATED this 11th  day of July, 2012.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE